UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NOOR ALJARAH,

                                        Plaintiff,

v.

                                        Case # 16-CV-812-FPG-HBS

                                        DECISION AND ORDER

CITIGROUP INC.,

                                        Defendant.

## INTRODUCTION

Plaintiff Noor Aljarah brings this action pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination based on her religion and national origin. 3d Am. Compl. (ECF No. 106). Defendant Citigroup Inc. has brought a Motion for Summary Judgment. ECF No. 108. For the reasons that follow, Defendant's Motion is GRANTED.

## LEGAL STANDARD

Summary judgment is appropriate when the record shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). However, the non-moving party "may not rely on conclusory allegations or unsubstantiated speculation." *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quotation omitted); *see also Saji v. Nassau Univ. Med.*

*Ctr.*, 724 F. App'x 11, 13-14 (2d Cir. 2018) (summary order) (applying same to summary judgment motion in case of failure to hire due to national origin).

## BACKGROUND

In October 2015, Plaintiff applied through a staffing agency, Randstad, Inc. ("Randstad"), for a Temporary Seasonal Data Entry Clerk position with Defendant. ECF No. 113-8 ¶¶ 16, 17. In November 2015, Plaintiff also applied for a similar position as a Cash and Trade Processing Representative.[1] ECF No. 113-8 ¶ 18. Plaintiff alleges that while she was waiting to be interviewed at Defendant's offices, "Defendant's Security Personnel regarded the Plaintiff, an Iraqi Muslim wearing a hijab, with suspicion" and "stared at her quite intently, with looks of displeasure." ECF No. 106 ¶ 10. Plaintiff was not asked any questions about her religion or national origin during the interview; everyone who interviewed her was "welcoming" and said nothing discriminatory. ECF No. 113-8 ¶¶ 21, 31. Plaintiff completed the interview and was accepted for the Data Entry Clerk position. ECF No. 106 ¶ 9.

Randstad informed Plaintiff that she would be placed with Defendant pending the completion of a background check. ECF No. 113-8 ¶ 22. Defendant asserts that all employees in the positions Plaintiff applied for are required by federal law to undergo a background check due to the "confidential, and highly sensitive" information they handle. ECF No. 108-1 at 8; ECF No. 113-8 ¶ 13.

Plaintiff allowed Defendant's security personnel to collect her fingerprints, which were sent to the Department of Justice for an FBI Background Check. ECF No. 113-8 ¶ 25. Confusingly, in her Statement of Undisputed Facts, Plaintiff disputes being told prior to being placed that the fingerprinting "constituted a background check;" however she admits in her

---

[1] Plaintiff denies that the Data Entry Clerk and Cash and Trade Processing Representative positions are the same; Defendant contends the names are interchangeable. ECF No. 113-8 ¶¶ 16, 18.

Complaint that she was told she would need to "complete Defendant's background check" and "submit her fingerprint[s] for Defendant's FBI Fingerprint Check before she can start the job with Defendant." ECF No. 106 ¶ 12; ECF No. 113-8 ¶¶ 22, 27. During the fingerprinting process, Plaintiff felt that the security personnel were "watching [her]" but admitted that the security personnel did not say anything to her related to her religion or national origin. ECF No. 113-8 ¶¶ 28, 29.

Plaintiff's background check revealed that Plaintiff had been labeled a "Person of Interest" ("POI") by the FBI. ECF No. 113-8 ¶¶ 32, 33. When Defendant called to investigate the POI designation, the FBI provided no other details and directed Defendant to keep the results of the background check "confidential due to national security concerns." ECF No. 113-8 ¶¶ 34-36. Randstad notified Plaintiff on December 16, 2015 that Plaintiff had not passed Defendant's background check and that Defendant would not be moving forward with Plaintiff's hiring. ECF No. 106 ¶ 20; ECF No. 108-8 at 2; ECF No. 113-8 ¶ 40.

Defendant contends that it "did not and to this day does not know the basis of the 'person of interest' designation." ECF No. 113-8 ¶ 37. As of January 11, 2016, after Defendant made the decision not to hire Plaintiff, Plaintiff was "no longer considered a Person of Interest," but there is no indication that Plaintiff was initially designated as a POI in error or that Defendant knew the designation had later been removed. ECF No. 113-8 ¶ 38. Defendant contends that Plaintiff's designation as a POI resulted in her failing the background check and it is on this basis alone that Defendant did not hire Plaintiff. ECF No. 113-8 ¶ 39. Plaintiff disagrees. ECF No. 113-8 ¶ 39.

## DISCUSSION

**I.**     *McDonnell Douglas* **Burden Shifting Framework**

Defendant's Motion for Summary Judgment is analyzed under the *McDonnell Douglas* burden-shifting framework. *Ruszkowski v. Kaleida Health Sys.*, 422 F. App'x 58, 60 (2d Cir. 2011) (summary order) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)) (applying framework to motion for summary judgment in Title VII failure to hire case). Under this framework, a plaintiff must first establish a prima facie case of discrimination. *Id.* The plaintiff's burden of proof at the prima facie stage is "*de minimis.*" *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000).

Once the plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason" for the failure to hire. *See McDonnell*, 411 U.S. at 802. In other words, "the defendant must clearly set forth, through the introduction of admissible evidence, reasons for its actions which, if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993) (internal quotation marks omitted).

Upon the defendant's proffer of a legitimate nondiscriminatory reason for its employment action, "the presumption of discrimination arising with the establishment of the prima facie case drops from the picture" and the plaintiff must then establish that the defendant's proffered reason is a mere pretext for actual discrimination. *Weinstock*, 224 F.3d at 42 (citing *St. Mary's*, 509 U.S. at 510-11).

4

## II. Prima Facie Case of Discrimination

Under Title VII of the Civil Rights Act of 1964, it is "an unlawful employment practice for an employer . . . to fail or refuse to hire . . . any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a).

To establish Defendant failed to hire her based on her religion and national origin, Plaintiff must show (1) she is a member of a protected class; (2) she was qualified for the position for which she applied; (3) she was denied the position; and (4) the denial occurred under circumstances giving rise to an inference of discrimination. *Ruszkowski*, 422 F. App'x at 60. The parties only dispute the second and fourth elements. ECF No. 108-1 at 15, 16; ECF No. 113 at 10.

### A. No Genuine Dispute that Plaintiff Was Not Qualified for the Positions to Which She Applied

The parties dispute whether "failing" the background check meant Plaintiff was not qualified for the positions to which she applied. Plaintiff argues that Defendant, instead of submitting her fingerprints for an FBI Fingerprint Check "as she was informed," submitted her fingerprints and personal information for an FBI National Fingerprint Check, which was a much more in-depth background check than was required for employment purposes.[2] ECF No. 106 ¶ 14; ECF No. 108-3 at 34. Plaintiff contends that the FBI reported any and all background information returned from this search, regardless of whether it actually related to Plaintiff and did not make a value judgment as to whether Plaintiff passed or failed.[3] *See* ECF No. 106 at 20; ECF No. 108-3

---

[2] Defendant asserts it submitted Plaintiff's fingerprints for a "standard" FBI background check. ECF No. 113-8 ¶ 13.

[3] Plaintiff explained in her Complaint that the background check included a search for other spellings of Plaintiff's name and could have returned information for other "idents" or "hits" that were not Plaintiff. ECF No. 106 ¶ 23. Plaintiff further alleges it was Defendant's responsibility to confirm the accuracy of that information. ECF No. 113 at 6.

5

at 28; ECF No. 113 at 5. Plaintiff also argues that "[n]one of the objective standards governing the background check requirement indicate that a 'person of interest' designation, ipso facto, was disqualifying." ECF No. 113 at 11.

Essentially, Plaintiff argues there is a dispute of fact as to whether she "failed" the background check, and thus whether she was qualified for the position, because Defendant arbitrarily decided that she failed based on the POI designation. The Court disagrees.

It is neither disputed that Plaintiff's background check designated her as a POI, nor that passing a background check was required for obtaining the positions Plaintiff applied for. Background checks are a "potentially legitimate qualification" for a job, *Crespo v. Harvard Cleaning Services*, No. 13-cv-6934 (KBF), 2014 WL 5801606, at *6 (S.D.N.Y. Nov. 7, 2014), particularly where, as here, Defendant contends that background checks are required by law. ECF No. 108-1 at 8; *see* ECF No. 114 at 3. Thus, if Defendant may set a background check as a qualification, it is axiomatic that Defendant can determine how "clear" that background check needs to be in order for an applicant to pass it.

*Crespo* is remarkably analogous and instructive. There, an applicant employed through an outside agency applied to work at JPMorgan's offices as a cleaner, a position for which a background check was required. *Crespo*, 2014 WL 5801606, at *1. JPMorgan's pre-employment screening department determined that the applicant failed the background check and informed the outside agency but did not give detailed results. *Id.* It was not even clear "whether the results of the background check pertained to [the applicant] or another individual with a similar name." *Id.* at *2. The applicant was not placed in the position. *See id.* at *7. The Court found that because JPMorgan "determined that [the applicant] failed the background check" he "lacked the necessary qualifications for" the position. *Crespo*, 2014 WL 5801606, at *7.

6

Similarly, here, Defendant determined based on its reading of the background check results that Plaintiff had failed and thus that she lacked the qualifications for the position. Plaintiff's attempt to distinguish *Crespo* by arguing "an outside entity made the pass/fail determination" is unpersuasive and inaccurate where it is clear that, as here, the employer making the ultimate placement decision "determined that [the applicant] failed the background check," not an outside agency. *See id.* at *2 (noting the outside agency submitted applicant's name to JPMorgan for approval, and, when applicant failed the background check, JPMorgan demanded applicant's removal from its premises).

Even Plaintiff's argument that the information in the background check may not have pertained to her is insufficient to create a dispute of fact, as in *Crespo*. Plaintiff's argument also fails because Defendant did follow up on the POI designation, presumably to determine whether Plaintiff could still be deemed to have "passed" the background check. ECF No. 113-8 ¶ 35. However, the FBI could not give Defendant any further information and instructed Defendant to keep the results of the background check confidential due to "national security concerns." ECF No. 113-8 ¶ 36. There is nothing discriminatory in Defendant deciding that a person so designated, where "national security concerns" are implicated, has not sufficiently passed a background check such that she can be employed in a position requiring the handling of "confidential, [and] highly sensitive" information. *See* ECF No. 113-8 ¶ 12.

Plaintiff was not qualified for the positions for which she applied because she did not pass the required background check. Because there is no genuine dispute of fact as to this element, Plaintiff has failed to establish a prima facie claim of discrimination.

### B. No Genuine Dispute that the Denial Occurred Under Circumstances Giving Rise to an Inference of Discrimination

Plaintiff's claim of discrimination here rests on "looks of displeasure" she received from security personnel while waiting to be interviewed because she was wearing a hijab and a feeling that security personnel were "watching" her while she was being fingerprinted. ECF No. 106 ¶ 10; ECF No. 113-8 ¶ 28. Plaintiff also argues that the "multiple notable irregularities with the hiring process, and Citi's unsubstantiated reason for denying her employment" give rise to an inference of discrimination. ECF No. 113 at 15.

Plaintiff may raise an inference of discrimination by "showing that the employer subjected [her] to disparate treatment, that is, treated [her] less favorably than a similarly situated [applicant] outside [her] protected group." *See Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000) (collecting cases). Plaintiff also cites *Norville v. Staten Island Univ. Hosp.*, 196 F.3d 89, 97 (2d Cir. 1999) correctly for the proposition that Plaintiff may satisfy this element by "present[ing] evidence that an employer departed from its usual employment practices and procedures in dealing with that particular employee." ECF No. 113 at 14.

But there is nothing in the record to suggest that Defendant deviated from its normal hiring practice in Plaintiff's case. Rather, she was subjected to the same background check as all other applicants, and Plaintiff has not provided information sufficient to prove that anything else about her process was different than the norm. *See* ECF No. 113-8 ¶ 13.

Neither has Plaintiff identified another similarly situated applicant who was treated differently than her. *See* ECF No. 113-8 ¶ 42. To the contrary, Defendant has demonstrated its extensive commitment to working with and hiring within the Muslim community. *See* ECF No. 113-8 ¶¶ 2-6. Plaintiff also admitted that neither the security personnel nor anyone interviewing her said anything discriminatory, and that her interviewers were in fact "welcoming." ECF No.

8

113-8 ¶¶ 21, 31; *see Foster v. Livingston-Wyoming ARC*, No. 02-CV-6597T, 2004 WL 1884485, at *4 (W.D.N.Y. Aug. 23, 2004) (plaintiff could not make out prima facie discrimination claim where "there [wa]s no evidence, nor even an allegation, that any of the defendant's employees ever made a disparaging or discriminatory remark"). Plaintiff's mere "feelings and perceptions of being discriminated against are not evidence of discrimination." *Salter v. Catholic Health Sys.*, No. 15-CV-322-FPG, 2017 WL 3981097, at *5 (W.D.N.Y. Sept. 11, 2017) (quotation and citation omitted).

Moreover, Plaintiff was given a conditional offer of employment *after* a face-to-face interview, contingent only on successful completion of the background check. *See* ECF No. 108-1 at 21. It is hard for the Court to fathom what about these undisputed circumstances could give rise to an inference of discrimination. Accordingly, Plaintiff has failed to establish this element of her discrimination claim.

### III. Defendant Has Proffered a Legitimate, Non-Discriminatory Reason For Not Hiring Plaintiff

Even if Plaintiff had established a prima facie case of discrimination, Defendant has proffered a legitimate, non-discriminatory reason for not hiring her.

A failed background check is a legitimate, non-discriminatory reason for failing to hire an applicant. *See Ahmed v. Am. Museum of Nat. History*, 787 F. App'x 37, 39 (2d Cir. 2019) (summary order) (results of applicant's background check, which flagged applicant's misrepresentation of academic credentials, was a legitimate, non-discriminatory reason for revoking job offer).

Accordingly, Defendant has satisfied its burden of providing a legitimate, non-discriminatory reason for not hiring Plaintiff.

**IV.     Plaintiff Has Not Demonstrated that Defendant's Proffered Reason is Pretextual**

Plaintiff essentially argues that because Defendant's own guidelines do not specifically indicate that a POI designation constitutes a failed background check, Defendant's use of the designation to determine that Plaintiff failed the background check must be pretext for not hiring her on the basis of her race and religion. ECF No. 113 at 15. Plaintiff also asks the Court to infer pretext from Defendant's alleged failure to respond to Plaintiff's request to dispute the background check results or revise its hiring decision once Plaintiff was no longer designated a POI. ECF No. 113 at 16. Plaintiff's argument fails.

Defendant's guidelines state that background checks will "screen for felony/misdemeanor arrests and dispositions based on the subject's fingerprints." ECF No. 108-12 at 16. While the Court does not read Defendant's guidelines as narrowly as does Plaintiff, "an employer's failure to follow its own regulations and procedures, alone, may not be sufficient to support" a finding of pretext. *Bucknell v. Refined Sugars, Inc.*, 82 F. Supp. 2d 151, 159 (S.D.N.Y. 2000), *aff'd*, 225 F.3d 645 (2d Cir. 2000) (quotation and citation omitted).

Furthermore, there is no evidence that Defendant ever learned that the POI designation had been removed as of January 11, 2016, well after the decision not to hire Plaintiff was made. *See* ECF No. 113 at 16. Regardless, there is nothing discriminatory in an employer declining to change its decision not to hire an applicant even after learning new information. That is so particularly here, given Plaintiff's own complaints about the length of the hiring process. *See, e.g.*, ECF No. 106 ¶ 16.

Finally, Plaintiff's argument that Defendant may have erred by relying on background check results that did not pertain to Plaintiff undercuts her claim that reliance on the POI designation in failing to hire her was pretextual. *See Crespo*, 2014 WL 5801606, at *7 ("[E]ven

if [defendant] had made a good-faith mistake in the course of evaluating [plaintiff's] job qualifications, this would undercut rather than support [plaintiff's] claim that [defendant] discriminated against him, for it suggests a legitimate non-discriminatory reason for not offering [plaintiff] the permanent position.").

Accordingly, Plaintiff has not established that Defendant's proffered reason for not hiring her was pretextual.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 108) is GRANTED. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 31, 2020
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court